Cheryl **SWISHER** and Galen Swisher, Plaintiffs,

v.

**UNITED STATES of America,** Defendant.

No. 98–1352–CM.

United States District Court, D. Kansas.

Sept. 17, 2001.

John E. Foulston, John T. Conlee, Foulston, Conlee, Schmidt & Emerson, LLP, Wichita, KS, James R. Baarda, Nels J. Ackerson, Cecilia Fex, Ackerson Group, Chtd., Washington, DC, for plaintiffs.

Christina L. Medeiros, office of U.S. Atty., Wichita, KS, David W. Spohr, Trial Attorney, United States Department of Justice, Environment and Natural Resources Division, General Litigation Section, c/o NOAA Damage Assessment, Seattle, WA, for defendant.

John E. Foulston, John T. Conlee, Foulston, Conlee, Schmidt & Emerson, LLP, Wichita, KS, for amicus.

## ORDER

MURGUIA, District Judge.

Before the Court is "Defendant's Unopposed Motion to Amend Memorandum and Order Filed August 29, 2001," (Doc. 135). For the reasons stated in "Defendant's Memorandum in Support of Unopposed Motion to Amend Memorandum and Order Filed August 29, 2001," and for good cause shown, Defendant's motion is HEREBY GRANTED.

Therefore, this Court's August 29, 2001 Memorandum and Order (Doc. 137) is HEREBY AMENDED as follows:

(a) Remove the clause "plaintiffs' motion for partial summary judgment (Doc. 98) and" from the first paragraph;

(b) Remove the entire paragraph "I. Summary Judgment," on pages 1–2;

(c) Replace the first sentence of "C. Necessity of Conveyance," on page 3 with a sentence to the effect "Defendant argues that plaintiffs must execute a conveyance as a condition to the receipt of payment from the Government under terms of a settlement agreement between the parties."

(d) Remove the clause "plaintiffs' motion for partial summary judgment (Doc. 98) is granted to the extent that plaintiffs move for an order finding that they are entitled to just compensation under the Fifth Amendment's taking provision, and" from the final paragraph on page 4.

Attachment

## DEFENDANT'S MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO AMEND MEMORANDUM AND ORDER FILED AUGUST 29, 2001

### INTRODUCTION

On August 29, 2001, this Court entered a Memorandum and Order, Doc. 137, holding, *inter alia,* in favor of Plaintiffs on their motion for partial summary judgment, Doc. 98. However, this motion was not properly before the Court, as the parties had jointly requested—and Magistrate Judge Karen M. Humphreys had ordered—that this motion be held in abeyance pending the outcome of certain other matters, which the parties expected would lead to settlement. For this reason, Defendant requests that the Memorandum and Order be amended to remove any findings with regard to liability. Counsel for Plaintiffs has been contacted, and has no objection to this motion.

### ARGUMENT

On June 15, 2001, Plaintiffs filed a motion for partial summary judgment on liability. Doc. 98. On July 14, 2000, the parties filed a "Joint Motion to Amend the Summary Judgment Briefing Schedule." Doc. 106. In this motion, the parties discussed the remaining issues that impacted negotiations, one of which was the jurisdictional limitation on recovery where Plaintiffs jointly hold a single piece of property. *Id.* at 1. The parties further requested that the Court "focus solely" on the jurisdictional limitation issue, "holding in abeyance the issues raised in plaintiffs' June 15, 2000 motion." *Id.* at 2. The parties presented an amended summary judgment briefing schedule to cover the jurisdictional issue.

On June 18, 2000, Judge Humphreys granted the motion and amended the briefing schedule accordingly, and ordered briefing on "Little Tucker Act jurisdictional limitation." Doc. 107. Thus, the only issue for the parties to brief and the Court to entertain was this jurisdictional issue. The parties completed their briefing on the jurisdictional issue, and on September 28, 2000, this honorable Court granted Defen-

dant's motion for partial summary judgment as to jurisdiction. Doc. 115.

In response to this Court's ruling, on December 15, 2000, Plaintiffs amended their complaint a third time to correct the jurisdictional defect in their second amended complaint. Doc. 123. On January 31, 2001, Defendant filed its answer. Doc. 129. On January 30, 2001, Judge Humphreys held a status conference, at which point the parties informed the court that the case was "essentially settled in terms of the amount of money to be paid by the United States, but remains unsettled in terms of what is to be conveyed to the United States in exchange for monetary payment." Doc. 130. Judge Humphreys ordered the parties to submit, by letter, a proposed briefing schedule. *Id.* The parties did so, and on February 6, 2001, Judge Humphreys entered a Modified Scheduling Order setting out a briefing schedule for the pending issue of "the interest that should be conveyed to [the United States] in return for *settlement* of plaintiffs' Fifth Amendment taking claim." Doc. 131 (emphasis added).

As per the Modified Scheduling Order, on March 2, 2001, Defendant filed a "Motion For Declaration That Plaintiffs Must Convey Whatever Interest Is Adjudged or Agreed 'Taken.' " Doc. 132. Plaintiffs responded on March 19, 2001, and Defendant replied on March 30, 2001. Docs 134 and 135. On August 29, 2001, this Court ruled on the "conveyance issue" before it, concluding that no deed was necessary. Doc. 137 at 4.

However, this Court also ruled on the issue of whether Defendant is liable for a taking in this matter. Because liability was not before the Court, Defendant requests that the Court amend the August 29, 2001 Memorandum and Order to remove any finding that a taking has occurred in this case. As explained above, at

no time has Defendant had the opportunity to file a response on the liability issue, given the scheduling orders of Judge Humphrey. In 2000 Judge Humphreys specifically, upon joint motion, circumscribed the parties to briefing the jurisdictional issue. Doc. 107. In 2001, Judge Humphreys limited the briefing to the conveyance issue. Doc. 131. Defendant has not conceded on the issue of liability or failed to oppose any pending motion on liability. Liability was not on August 29, 2001, and has never been, pending before this Court.

### *CONCLUSION*

Therefore, Defendant must respectfully submit that this Court's Memorandum and Order be amended to reflect only the Court's determination as to the conveyance issue, and to strike any references that state or imply a finding of liability, as suggested in the attached, proposed Order.

Specifically, Defendant respectfully requests that the Court revise the Memorandum and Order to:

(a) Remove the clause "plaintiffs' motion for partial summary judgment (Doc. 98) and" from the first paragraph, as Plaintiffs' motion was not before the Court;

(b) Remove the entire paragraph "I. Summary Judgment," on pages 1–2, as this section relates solely to liability.

(c) Replace the first sentence from. "C. Necessity of Conveyance," on page 3 with a sentence to the effect of "Defendant argues that plaintiffs must execute a conveyance as a condition to the receipt of payment from the Government under terms of a settlement agreement between the parties." Defendant has not conceded liability, but rather has agreed to pay compensation to resolve this matter.

(d) Remove the clause "plaintiffs' motion for partial summary judgment (Doc.

98) is granted to the extent that plaintiffs move for an order finding that they are entitled to just compensation under the Fifth Amendment's taking provision, and" from the final paragraph on page 4.

These changes only address the Court's findings with regard to liability and do not impact the remaining finding as to the conveyance issue.